UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

DA'NATE LOWE,                              )
                                          )
                    Plaintiff,            )
                                          )
            v.                            )      No. 2:26-cv-00228-JRO-MJD
                                          )
MIDDAUGH, et al.,                         )
                                          )
                    Defendants.           )

**ORDER DISMISSING COMPLAINT AND
DIRECTING FILING OF AMENDED COMPLAINT**

Plaintiff Da'nate Lowe, who is currently incarcerated at Wabash Valley Correctional Facility, alleges in this case that his rights were violated during a medical procedure at that prison.  Because the plaintiff is a "prisoner," this Court must screen the complaint before service on the defendants.   28 U.S.C. § 1915A(a), (c).

**I. SCREENING STANDARD**

When screening a complaint, the Court must dismiss any portion that is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief.  28 U.S.C. § 1915A(b).  To determine whether the complaint states a claim, the Court applies the same standard as when addressing a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Schillinger v. Kiley*, 954 F.3d 990, 993 (7th Cir. 2020).  Under that standard, a complaint must include "enough facts to state a claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The Court construes *pro se* complaints liberally and holds them to a "less stringent standard than pleadings drafted by lawyers."  *Cesal v. Moats*, 851 F.3d 714, 720 (7th Cir. 2017).

## II. THE COMPLAINT

Lowe sues Dr. Middaugh and Centurion.  His factual allegations, summarized here, are accepted as true at the pleading stage.  *See Lisby v. Henderson*, 74 F.4th 470, 472 (7th Cir. 2023).

When Lowe had a dental procedure, dentist Dr. Middaugh gave him a shot to numb the right side of his mouth even though the dental procedure was going to take place on the left side.  When Dr. Middaugh was finished, Lowe asked him why he did the numbing shot on the wrong side.  After Lowe explained that he experienced excruciating pain, Dr. Middaugh told him that he made a mistake, that he was sorry, and that he would not be billed for the visit.

## III. DISMISSAL OF COMPLAINT

Although a plaintiff need not plead legal theories in a complaint, *see* Fed. R. Civ. P. 8(a), Lowe alleges that his Eighth Amendment rights were violated. Where a pro se litigant has expressly stated the legal theory he wishes to pursue, the district court is not required to analyze whether the allegations in the complaint might state a claim under a different legal theory.  *See Larry v. Goldsmith*, 799 F. App'x 413, 416 (7th Cir. 2016) (citing *Clancy v. Office of Foreign*

*Assets Control of U.S. Dep't of Treasury*, 559 F.3d 595, 606-07 (7th Cir. 2009)).

Thus, the Court analyzes Lowe's claims as an Eighth Amendment claim.

Applying the screening standard to the facts alleged in the complaint, Lowe's complaint must be dismissed.

First, private corporations acting under color of state law—including those that contract with the state to provide essential services to prisoners—are treated as municipalities for purposes of Section 1983 and can be sued when their actions violate the Constitution. *Dean v. Wexford Health Sources, Inc.*, 18 F.4th 214, 235 (7th Cir. 2021) (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). To state a *Monell* claim, the plaintiff must identify an action taken by the municipality and allege a causal link between the municipality's action and the deprivation of federal rights. *Dean*, 18 F.4th at 235. "A municipality 'acts' through its written policies, widespread practices or customs, and the acts of a final decisionmaker." *Levy v. Marion Co. Sheriff*, 940 F.3d 1002, 1010 (7th Cir. 2019). Lowe makes no allegations that the incident at issue resulted from a policy, practice, or custom by Centurion and therefore has failed to state a claim against this defendant.

Second, for an inmate to state an Eighth Amendment claim for medical mistreatment or the denial of medical care, Lowe must allege that Dr. Middaugh displayed "deliberate indifference towards an objectively serious medical need." *Thomas v. Blackard*, 2 F.4th 716, 721–22 (7th Cir. 2021). This requires allegations of "'(1) an objectively serious medical condition to which (2) a state official was deliberately, that is subjectively, indifferent.'" *Johnson v. Dominguez*,

5 F.4th 818, 824 (7th Cir. 2021) (quoting *Whiting v. Wexford Health Sources, Inc.*, 839 F.3d 658, 662 (7th Cir. 2016)).  Lowe's allegations of pain during his dental procedure are enough to allow a conclusion that he experienced an objectively serious medical condition.  But he alleges that Dr. Middaugh made a mistake in numbing the wrong side of his mouth.  This is not enough to raise an inference that Dr. Middaugh was subjectively aware of Lowe's pain during the procedure and was deliberately indifferent to it.  Lowe therefore has not stated an Eighth Amendment deliberate indifference claim.  *See Huber v. Anderson*, 909 F.3d 201, 208 (7th Cir. 2018) (deliberate indifference "requires more than negligence or even gross negligence; a plaintiff must show that the defendant was essentially criminally reckless, that is, ignored a known risk.") (internal quotation omitted).

Because the Court has been unable to identify a viable claim for relief against any particular defendant, the complaint is subject to dismissal.

## IV. OPPORTUNITY TO FILE AN AMENDED COMPLAINT

The dismissal of the complaint will not in this instance lead to the dismissal of the action at present.  "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile."  *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018).  In the interest of justice, the Court will allow the plaintiff to amend his complaint if, after reviewing this Court's order, he believes that he can state a viable claim for relief, consistent with the allegations he has already made.  *See Tate v. SCR Med. Transp.*, 809 F.3d 343, 346 (7th Cir. 2015) ("We've often said that before dismissing a case under 28 U.S.C. § 1915(e)(2)(B)(ii) a judge

should give the litigant, especially a pro se litigant, an opportunity to amend his complaint."); *Luevano v. Wal-Mart*, 722 F.3d 1014 (7th Cir. 2013).

The plaintiff shall have **through July 15, 2026, to file an amended complaint**.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury. The **clerk is directed** to include a copy of the prisoner civil rights complaint form along with the plaintiff's copy of this Order, which he must use if he files an amended complaint. *See* Local Rule 8-1 (requiring pro se plaintiffs to use the clerk-provided form for claims under 42 U.S.C. § 1983).

Any amended complaint should have the proper case number, 2:26-cv-228-JRO-MJD and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915A(b).  If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

**SO ORDERED**.

Date: June 17, 2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DA'NATE LOWE
284509
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only