UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DA'NATE LOWE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 2:26-cv-00228-JRO-MJD |
| | ) |
| MIDDAUGH, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER DISMISSING ACTION AND DIRECTING ENTRY OF FINAL
JUDGMENT**

Plaintiff Da'Nate Lowe, who is incarcerated at Wabash Valley Correctional
Facility, alleges in this case that defendant Dr. Middaugh caused him pain
during a dental procedure in violation of his constitutional rights.  The Court
screened Lowe's complaint as required by 28 U.S.C. § 1915A, and dismissed it
for failure to state a claim upon which relief can be granted.  Lowe was given a
period of time in which to file an amended complaint that would cure the
deficiencies identified in the Court's order.  Dkt. 11 at 4-5.

Lowe has filed an amended complaint, but the allegations in the amended
complaint directly contradict the allegations in the original complaint.  In the
original complaint, Lowe sued Dr. Middaugh and Centurion, alleging:

> Dr. Middaugh gave me a dental shot to numb the right side of my
> mouth, but the dental procedure to be worked on was for the left
> side of my mouth. After Dentist/Dr. Middaugh was done working on
> the left side of my mouth, I asked him why he gave me the numb
> shot on my right side but worked on my left side, and after I
> explained to him that I was experiencing excruciating pain on the
> left side of my face and mouth, Dentist/Dr. Middaugh stated: He

> made a mistake by giving me the numb-shot on [the] wrong side of my mouth and that he was sorry....

Dkt. 1 at 2-3.

The Court dismissed the claim against Centurion because Lowe did not allege that Dr. Middaugh's failure to numb the correct side of his mouth resulted from a policy, practice, or custom by Centurion and therefore had not stated a claim against Centurion.  Dkt. 11 at 3.  The Court dismissed the claim against Dr. Middaugh because Lowe did not allege that Dr. Middaugh was aware of his pain during the procedure and the mere fact that Dr. Middaugh made a mistake was insufficient to state an Eighth Amendment deliberate indifference claim.  *Id.* at 4.

> Mr. Middaugh alleges in the amended complaint:

> Dr. Middaugh told me he was to proceed dental on the left side of my mouth but then numbed the right side of mouth. After I asked Dr. Middaugh why he numbed the right side, Dr. Middaugh told me he made a mistake, that he was sorry and that he would not bill me for the visit. Shortly afterwards, without any numbing of the left side of my mouth, Dr. Middaugh proceeded to drill the left side of my mouth. I tried to hold his arm back from drilling due to the excruciating pain to tell Dr. Middaugh that such procedure was causing undue and severe pain but Dr. Middaugh proceeded stating: A little aspirin will knock the pain away.

Dkt. 12 at 2-2.

Generally, an amended complaint supersedes the prior pleading.  *Nance v. NBCUniversal Media, LLC*, No. 16-11635, 2018 WL 1762440, at *5 (N.D. Ill. Apr. 12, 2018) (citing *Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84,* 133 F.3d 1054, 1057 (7th Cir. 1998)).  "But where the amended allegations flatly contradict the originals and there is no suggestion that the originals were made

2

in error, courts have considered the different complaints together in the interest of justice." *Id.* (citing *Aasen v. DRM, Inc.,* No. 09C50228, 2010 WL 2698296, at *2 (N.D. Ill. July 8, 2010)). That is the case here. The allegations in Lowe's amended complaint, that he complained to Dr. Middaugh about the numbing mistake *before* the procedure directly contradict Lowe's allegation in his original complaint that he asked Dr. Middaugh *after* the procedure why he numbed the wrong side of his mouth. There is no indication that Lowe's original allegations were made in error. Instead, this appears to be a clear attempt to change the facts to state a claim where the facts as originally alleged do not support a claim. Lowe cannot revive his complaint by directly contradicting the allegations of his original complaint. He therefore has not stated a claim upon which relief can be granted and this case is now dismissed.

Also, because this case is being dismissed for failure to state a claim, the plaintiff is warned that it may constitute a "strike" under 28 U.S.C. § 1915(g), which limits a prisoner's ability to proceed *in forma pauperis* after having three cases or appeals dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *See Hill v. Madison Cty., Ill.*, 983 F.3d 904, 906 (7th Cir. 2020) ("It makes good sense for a judge who believes a dismissal to come within the scope of § 1915(g) to include notice to that effect," even though later courts must make the conclusive determination of whether each prior dismissal meets the statutory definition).

Final judgment shall now issue.

**SO ORDERED.**

Date:  8/4/2026

_____

Justin R. Olson
United States District Judge
Southern District of Indiana

Distribution:

DA'NATE LOWE
284509
WABASH VALLEY - CF
Wabash Valley Correctional Facility
Electronic Service Participant – Court Only

4